IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW FREDERICK FEHLING    )
                             )
        Plaintiff,           )
                             )
    -vs-                     )    Civil Action 20-452
                             )
ANDREW M. SAUL,              )
                             )
        Defendant.           )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Matthew Frederick Fehling ("Fehling") brought this action for review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Fehling contends that he became disabled on February 26, 2015. (R. 14) He was represented by counsel at two hearings before an Administrative Law Judge ("ALJ") in September 2017 and August 2018. During the second hearing an impartial medical expert testified as did Fehling and a vocational expert. (R. 14) Ultimately, the ALJ denied benefits. Fehling subsequently filed a Request for Review with the Appeals Council. The Appeals Council denied the request. Fehling then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 16 and 18.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

At step one, the ALJ determined that Fehling had not engaged in substantial gainful activity since the alleged onset. (R. 16) At step two, the ALJ concluded that Fehling has the following medically determinable impairment(s): bipolar disorder, alcohol dependence, cannabis dependence, anxiety disorder, and attention deficit hyperactivity disorder. (R. 17) At step three, the ALJ found that those impairments, considered singly or in combination, do not meet or medically equal the severity of a listed impairment. (R. 17-19) The ALJ then determined that Fehling had the residual functional capacity ("RFC") to engage in a full range of work, with certain restrictions. (R. 19-24) At the fourth step, the ALJ concluded that Fehling had no past relevant work. (R. 25) Ultimately, the ALJ found Fehling capable of performing other work in significant numbers in the national economy and so found him not disabled. (R. 25-26)

III. Discussion

In 1996 Congress passed the Contract for America Advancement Act which, among other things, disqualifies any person from entitlement to supplemental security income or disability insurance benefits whose addiction is "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C.

§423(d)(2)(C) (2012).  This amounts to a "but for" test. That is, if the claimant would not be disabled but for his addiction, the claim will be denied. See 20 C.F.R. §404.1535, §416.935 ("The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.").  In 2013, the Social Security Agency issued Social Security Policy Interpretation Ruling 13-2p, which set out a process for evaluating DAA materiality. *See*, SSR 13-2p; Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism (DAA), 78 Fed. Reg, 11,939, 11,940, 2013 WL 603764 (Feb. 20, 2013). SSR 13-2p establishes a separate six-step analysis that is used to evaluate DAA materiality.[1] This analysis is independent from the five-step sequential analysis set forth above and should be conducted after that evaluation is complete. *Id.*, 2013 WL 603764, at * 11941. (describing how the DAA materiality analysis is conducted by "apply[ing] the steps of the sequential evaluation a second time."). As one commentator notes:

> This rule creates two types of dual-diagnosis claimants. The first group comprises claimants whose addiction and nonaddictive disorders together are not disabling enough to prevent work. Such claimants will always be denied benefits …. The second includes claimants whose addiction and nonaddictive disorder together are disabling enough to prevent work. These claimants' eligibility for benefits hinges on the application of the DAA materiality provision. Given the difficulty of disentangling the causes and effects of addiction and co-occurring disorders, this is likely to be a large portion of dual-diagnosis claimants. This group inevitably requires the adjudicator to make a hypothetical assessment about which of a claimant's impairments would remain and how severe they would be absent substance abuse. The analysis often lacks clarity because a claimant's

---

[1] (1) Does the claimant have DAA? If no, a DAA materiality determination is unnecessary. If yes, go to step two; (2) Is the claimant disabled considering all impairments, including DAA? If no, the claim is denied. If yes, go to step three; (3) Is DAA the only impairment? If yes, the claim is denied because DAA is material. If no, go to step four; (4) Is the other impairment disabling by itself while the claimant is dependent upon or abusing drugs? If no, the claim is denied. If yes, go to step five; (5) Does the DAA cause or affect the claimant's other impairments? If no, DAA is not material and the claim is allowed. If yes, go to step six; (6) Would other impairments improve to the point of nondisability in the absence of DAA? If no, DAA is not material and the claim is allowed. If yes, DAA is material and the claim is denied.

nonaddictive impairment can still be disabling enough to prevent work absent substance abuse even when substance abuse contributes to it or makes it worse.

Max Selvar, *Disability Benefits and Addiction: Resolving an Uncertain Burden*, 91 N.Y.U. L. Rev. 954, 964 (Oct. 2016).

Upon careful review, I agree with Fehling that remand of this case is necessary. As referenced above, it is not clear which of the two types of the dual-diagnosis claimants Fehling is. Having determined that Fehling suffered from both alcohol and cannabis dependence, as well as mental impairments, the ALJ then considered whether Fehling met or equaled a Listing. While the ALJ found that Fehling did not, I cannot ascertain whether the ALJ found that Fehling's addiction and other impairments, considered together, did not satisfy Listing 12.04, or whether she found that they did, then made a second determination based upon the "materiality" in accordance with the dictates of SSR 13-2p.[2] Here, during the second hearing, Dr. Brennan testified unequivocally that, when considering all of his impairments, Fehling satisfied the requirements of Listing 12.04. (R. 75-79). Specifically, Dr. Brennan testified that Fehling satisfied the A criteria under Listing 12.04 because he met nine of the listed symptoms of depressive disorder, and that he demonstrated marked limitations in each of the mental functioning areas under the B criteria. (R. 75-79).[3] One might expect that the

---

[2] I note that that SSR 13-2p warns that "[m]any people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol." *Id*., at 11943. It further provides that "[w]e will find that DAA is not material to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA." *Id*., at * 11944.

[3] The ALJ observed that Dr. Brennan "stated that he did not meet the C criteria because he has not had consistent treatment for two years and because the record shows missed appointments." (R. 18-19). I do not read Dr. Brennan's testimony to be as unequivocal as did the ALJ. Dr. Brennan states that Fehling

5

ALJ would have found Dr. Brennan's testimony persuasive on the issue of Listing 12.04, concluded that Fehling was disabled, *then* have turned to considerations of whether DAA is a material contributing factor. In contrast, the ALJ might have rejected Dr. Brennan's testimony as unpersuasive and found that Fehling did not satisfy the requirements of Listing 12.04, even considering DAA. If this were the case, one would expect that the ALJ's complaints regarding Dr. Brennan's findings would relate to her conclusions regarding Fehling's ability to understand, remember or apply information; interact with others; concentrate, persist, or maintain pace; or adapt or manage oneself.

Yet the ALJ took issue with Dr. Brennan's inability to "determine the impact of the claimant's substance abuse on his ability to function." (R. 19) The ALJ gave Dr. Brennan's opinion "little weight" because she found it to be based on "speculation." (R. 19) This suggests that the ALJ was considering the issue of materiality. The ALJ does reference some "inconsistency" with other medical evidence of record - chiefly the opinion of Fehling's treating psychiatrist, Dr. Kolli. (R. 19) Yet, as the ALJ conceded, Dr. Kolli also opined, in a check box form, that Fehling suffered from an extreme limitation with respect to his ability to interact with the public. (R. 19) This finding is consistent with a conclusion that Fehling meets Listing 12.04 yet the ALJ discounts Kolli's conclusion only in this regard. Further, Kolli's "opinion" amounted to nothing more than a check

---

"meets the C criteria in terms of this is a chronic problem. It's actually gone on more than two years but it's been there for at least two years." (R. 77) She continues to state, in response to a question of whether Fehling meets or equals the C criteria when taking all impairments into consideration, "I'm uncertain and that is because he has missed a number of therapy appointments and because there's no change over so many sessions of therapy, a couple years." (R. 77) Interestingly, in finding that Fehling did not satisfy the C criteria, the ALJ did not rely on her rejection of Dr. Brennan's assessment. Rather, the ALJ stated that there was no evidence of marginal adjustment such that the claimant has minimal capacity to adapt to changes in his environment or to demands that are not already part of his daily life. (R. 18).

6

box form. To the extent that the ALJ relied upon Dr. Kolli's "opinion" as evidence, I do not find it to be substantial evidence.

In sum, I am not confident that the ALJ followed the dictates of SSR 13-2p. That analysis regarding Dr. Brennan's opinion seems to conflate the different steps under the third step of the sequential analysis. It is not clear that she first conducted the five-step sequential analysis without attempting to filter out which impairments related to the Fehling's drug or alcohol abuse, or how those impairments were impacted by any such abuse. Given my uncertainty in this regard, the case is remanded for further clarification.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW FREDERICK FEHLING  )
    Plaintiff,  )
  )
-vs-  )  Civil Action No. 20-452
  )
ANDREW M. SAUL,  )
  )
    Defendant.  )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 13th day of May, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 16) is GRANTED and the Motion for Summary Judgment (Docket No. 18) is DENIED. It is further ORDERED that this case is REMANDED for further consideration. The Clerk of Courts shall mark this case "Closed" forthwith.

                BY THE COURT:

                */s/ Donetta W. Ambrose*
                Donetta W. Ambrose
                United States Senior District Judge